**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0374-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDRE T. MITCHELL, a/k/a
MITCHELL ANDRE,

    Defendant-Appellant.

_____

              Submitted January 25, 2017 — Decided  March 1, 2017

              Before Judges Accurso and Manahan.

              On appeal from Superior Court of New Jersey,
              Law Division, Mercer County, Indictment No.
              12-10-1023.

              Joseph E. Krakora, Public Defender, attorney
              for appellant (Alison Perrone, Designated
              Counsel, on the brief).

              Angelo J. Onofri, Mercer County Prosecutor,
              attorney for respondent (Laura Sunyak,
              Assistant Prosecutor, of counsel and on the
              brief).

PER CURIAM

    Following the denial of his motion to suppress evidence

seized pursuant to a search warrant, defendant Andre T. Mitchell

pled guilty to second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a(1), in accord with a negotiated agreement and was sentenced to seven years in State prison with three and a half years of parole ineligibility. He appeals the denial of his motion, raising two issues for our consideration.

POINT I

THE COURT BELOW ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS BECAUSE THERE WAS NO CREDIBLE EVIDENCE THAT THE POLICE HAD COMPLIED WITH THE KNOCK AND ANNOUNCE REQUIREMENT OF THE SEARCH WARRANT.

POINT II

THE MOTION TO SUPPRESS SHOULD HAVE BEEN GRANTED BECAUSE THE POLICE DID NOT WAIT A REASONABLE AMOUNT OF TIME BEFORE THEY FORCIBLY ENTERED DEFENDANT'S APARTMENT. (Not Raised Below).

Because the State's evidence supports the trial court's factual findings, and there was no error in its application of the law to those facts, we affirm.

The only two witnesses at the suppression hearing were defendant and the supervisor of the State Police Tactical Unit which executed the "knock and announce" search warrant.

Defendant testified he was at his girlfriend's apartment in Trenton watching television before going to pick up her son from school when officers in "tactical army gear" broke down the door to the apartment. He testified that although he and his

girlfriend were sitting in one of the apartment's two bedrooms not twenty feet from the front door, he did not hear a knock or anyone call out before the officers broke through the door. Defendant could not recall how many officers were involved or whether their uniforms identified them as police. When the judge asked about the television, defendant replied, "[w]e had it on to an extent, but . . . we turned it down because, as I had said, we [were] going to pick up her son from school so we turned everything off" before hearing the bangs of the battering ram.

The supervisor of the State Police Tactical Unit testified the Trenton police requested his unit's assistance in executing the search warrant for the apartment. After reviewing the warrant, he and his nine-member team went with Trenton detectives to defendant's apartment building shortly before three o'clock in the afternoon.

After entering an open door on the first floor, the officer's team proceeded up a stairwell to defendant's girlfriend's apartment on the second floor. The officer testified he knocked at the metal door "several times" and announced "State Police," "[a]t least once." The officer testified he had been a part of the tactical unit for ten years, had executed over 1000 warrants and was familiar with the layout

of the apartments.  After waiting "about [twenty] seconds," long enough to allow someone to answer the door, he and another officer used a "rabbit tool" to force entry.  Inside, Trenton police recovered 229 grams of cocaine, three small baggies of suspected marijuana, four glassine envelopes of suspected heroin, narcotics paraphernalia, $466 in U.S. currency and a .22 caliber starter pistol.

Having heard the testimony, Judge Thomas Brown denied defendant's motion to suppress the evidence, rejecting defendant's argument the officers "failed to knock and announce their presence prior to the forced entry."  The judge found the officer "testified credibly . . . consistent with the requirements of the search warrant, that he knocked on the door using his fist and yelled, . . . State Police, with the intention to make his presence known.  After waiting approximately [twenty] seconds with no response," the officers forced entry.

Judge Brown found:

> In light of the holdings in [United States v.] Banks, [540 U.S. 31, 35-36, 124 S. Ct. 521, 524-25, 157 L. Ed. 2d 343, 352 (2003),] Hudson [v. Michigan, 547 U.S. 586, 594, 126 S. Ct. 2159, 2165, 165 L. Ed. 2d 56, 66 (2006)] and [State v.] Rockford, [213 N.J. 424, 450-52 (2013),] . . . waiting approximately [twenty] seconds was a reasonable amount of time given the time of

day, the size of the apartment and the fact that there was reason to believe that the evidence; that is, narcotics, could be destroyed.

Based on the credible testimony and applying the applicable law, the judge concluded "the warrant was executed in accordance with its requirements." This appeal followed.

Our standard of review on a motion to suppress is limited. State v. Gamble, 218 N.J. 412, 424-25 (2014). We "give deference to those findings of the trial judge which are substantially influenced by his opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Johnson, 42 N.J. 146, 161 (1964). If our review satisfies us the trial court's factual findings could reasonably have been reached on sufficient, credible evidence present in the record, those findings are binding on appeal. Gamble, supra, 218 N.J. at 424. Our review of the trial court's application of the law to the facts, of course, is plenary. State v. Hubbard, 222 N.J. 249, 263 (2015).

Having reviewed the motion transcripts and the current law governing execution of a "knock and announce" search warrant, see Rockford, supra, 213 N.J. at 450-52, defendant has given us no cause to disturb the judge's factual findings or legal conclusions here. Accordingly, we affirm Judge Brown's denial

of defendant's motion to suppress substantially for the reasons stated in his carefully reasoned opinion from the bench on March 6, 2014.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0374-15T1